IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Branch Banking and Trust Company, | Case No. 3:17-cv-02036-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Fariborz Z. Babaee, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Summary Judgment. ECF No. 13. Plaintiff filed its Motion on March 9, 2018; to date Defendant has not filed a response to the Motion and the time to respond has lapsed. Accordingly, the Motion is ripe for review.

Summary judgment is appropriate in those cases in which there is no genuine dispute of material fact, and in which it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 214 (4th Cir. 1993). If the adverse party fails to respond, summary judgment may be granted if "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." *Id*. Since there is no opposition by Defendant, there is no evidence before the Court that creates a genuine issue as to any material fact, and the only question is whether Plaintiff establishes its claim as a matter of law.

As set forth in the Motion for Summary Judgment, this case involves Defendant's default under an unsecured Promissory Note ("the Note"). On October 26, 2011,

Defendant gave and delivered to Plaintiff the Note in the amount of $318,315.29 with interest at a fixed rate as provided therein. Defendant defaulted on the Note by failing to make the required monthly payments. On August 8, 2014, Plaintiff demanded the entire balance due under the Note as immediately due and payable. The Note provides that,

> If this Note is placed with an attorney for collection, the undersigned agrees to pay, in addition to principal and interest, all costs of collection, including reasonable attorneys' fees which the undersigned agrees shall be equal to 15% of the principal and interest outstanding at the time of acceleration or other action by Lender to collect the sums due hereunder, unless the actual attorneys' fees incurred, based upon Bank's counsel's normal hourly fees chargeable to Bank, shall be greater than 15% of principal and interest, in which case such billed amount based on such hourly rate shall be the attorneys' fee payable hereunder.

ECF No. 13-2.

Plaintiff has provided an affidavit calculating the amount of damages due as of the date of the default on August 8, 2014, and as of the date of its filing the Motion for Summary Judgment on March 6, 2018. ECF No. 13-2. The Court finds that Plaintiff's Motion and its attachments establish the execution of the Note creating a debt, that Defendant defaulted on the Note as of August 8, 2014, and the amount due according to the terms of the Note.

With respect to Defendant's affirmative defenses that Plaintiff failed to adequately serve Defendant and that this action is barred by the applicable statute of limitations, the Court finds that Defendant has failed to prove these affirmative defenses as a matter of law. Under the South Carolina Code, "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date

or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." S.C. Code Ann. § 36-3-118. Here, Plaintiff filed this action on August 3, 2017, which is within six years of the date of acceleration of the Note on August 8, 2014. *See* ECF No. 1.

Further, it appears that Defendant was properly served in California, his resident state. Plaintiff has provided an affidavit detailing that it attempted service four times before leaving a copy of the summons and complaint at his dwelling, in the presence of a competent member of his household over the age of eighteen, with knowledge of what was contained therein and mailing a copy of the summons and complaint by First Class Mail and Priority Mail, as provided in the California Code of Civil Procedure. *See* ECF No. 13-3; Cal. Civ. Proc. Code § 415.20(b).

## CONCLUSION

Wherefore, based upon the foregoing, Plaintiff's Motion for Summary Judgment is **GRANTED**. Plaintiff is directed to file an updated affidavit including an itemized list of damages as of the date of this Order within fourteen days.

**IT IS SO ORDERED**.

s/Donald C. Coggins, Jr.
United States District Judge

May 2, 2018
Spartanburg, South Carolina